IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS J. PLATERO, as Personal Representative to the
Estate of Emma P. Jones, deceased,

    Plaintiff,

vs.                                             _____

THE UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT FOR WRONGFUL DEATH DUE TO MEDICAL NEGLIGENCE

Plaintiff, Travis J. Platero, avers for his complaint the following:

1. Plaintiff Travis J. Platero is the grandson of the decedent. He resides on the Navajo Indian Reservation in Crownpoint, New Mexico. Plaintiff was designated as the personal representative of the Estate of Emma P. Jones by the Navajo Nation courts on September 28, 2015. (Exhibit 1).

2. Although not listed separately as plaintiffs, other wrongful death beneficiaries are:

    a. Tom Nez is the son of the decedent.

    b. Erma Jones Hardy is the daughter of the decedent.

    c. Lora J. Platero is the daughter of the decedent.

    d. Edward Jones is the son of the decedent.

    e. Eddy Jones, Jr., is the son of the decedent.

    f. Harrison Jones, is the son of the decedent.

1

3. Plaintiff brings this action for compensatory damages arising from the negligence of employees/personnel at the Crownpoint Healthcare Facility ("CHF") located in Crownpoint, New Mexico, a facility operated by the United States through the Department of Health and Human Services and the Indian Health Service.

**JURISDICTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT**

4. Plaintiff's claims in this action are authorized by and are brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, *et seq.,* and also pursuant to 28 U.S.C. §1331.

5. Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiff's claims in this case.

6. The FTCA makes the United States liable for the negligent acts and omissions of federal "employees."

7. Federal employees include, but are not limited to, employees of the Indian Health Service and the CHF.

8. At all times material to this case defendant United States controlled, owned, and operated CHF.

9. CHF provides medical care to Native Americans who are members of recognized tribes pursuant to various federal statutes and other law.

10. At all times material to this case defendant United States, acting through the Indian Health Service, held itself out to have the ability to provide medical care to members of the Navajo Nation and plaintiff, at CHF, including the ability to address decedent's health problems.

11. Plaintiff, through legal counsel, presented to the Department of Health and Human Services in February, 2016, a timely administrative claim under the FTCA

alleging negligence by federal employees at CHF in the provision of medical care to decedent. (Exhibit 2).

12. On November 30, 2016, defendant denied plaintiff's administrative tort claim. (Exhibit 3).

13. Upon denial (or after the expiration of a six month timeframe for the administrative review process whichever comes first), plaintiff is authorized to file a lawsuit against the United States.

14. Plaintiff has exhausted his administrative remedies and a denial of his claim has been received by his counsel of record.

15. Plaintiff is authorized by statute to file this action in the United States District Court for the District of New Mexico.

16. Plaintiff is a tribal member of the Navajo Nation. At all material times, decedent was also a tribal member of the Navajo Nation. Both plaintiff and decedent resided in or near Crownpoint, New Mexico.

17. Venue is proper in this district under 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

18. On April 2, 2015, at approximately 7:30 a.m., Emma P. Jones was transported to the CHF emergency room by EMS with complaints of shortness of breath. At the time of Ms. Jones' admission, her oxygen saturations were 58% (normal is 90% or above.)

19. Ms. Jones was administered oxygen through a nasal rebreather mask at 15 liters per minute and her oxygen saturations improved to 97%. Because she was doing so well, the rebreather mask was changed to a nasal cannula at 4 liters per minute.

20. Ms. Jones' physical examination was negative with the exception of her oxygen saturation rate and some limited range of motion in her hips and knees.

21. Ms. Jones was awake and talking with family members while labs were drawn. Antibiotics were administered both by IV and by mouth. Ms. Jones was able to swallow the oral antibiotic without difficulty.

22. At approximately 11:55 a.m., Ms. Jones' daughter, Lora Platero, was visiting with her mother in the ER. Ms. Platero left the ER to take a lunch break. During this time, the medical record indicates that Ms. Jones was awake and lying in bed quietly with no signs or symptoms of distress.

23. Between 12:00 and 12:15 p.m., Lora Platero left her mother's bedside to eat lunch.

24. At 12:32 p.m., the medical record indicates that Ms. Jones is eating a "sack lunch."

25. At 12:42 p.m., 10 minutes after receiving the sack lunch, Ms. Jones' oxygen saturation dropped to 40% and CPR was commenced. She had aspirated her food and vomited.

27. As a result of the aspiration, Ms. Jones required intubation and was placed on a ventilator. She was transported to the Rust Presbyterian Hospital in Albuquerque for a higher level of care.

28. Ms. Jones was diagnosed at Rust Presbyterian Hospital with acute respiratory failure, aspiration pneumonia, and sepsis. She was unable to breath on her own and required mechanical ventilation.

29. Ms. Jones' family made her a DNR/DNI and she was extubated on April 3, 2015. She died on April 4, 2015, from respiratory failure.

**CAUSE OF ACTION - DUTY, NEGLIGENCE, AND CAUSATION**

30.     Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of the first count of negligence.

31.     The United States is legally responsible for the negligent actions of its CHF staff, including employees of CHF, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

32.     The involved staff who participated in the medical care of decedent at CHF were employees of the Indian Health Service at all pertinent times of Emma P. Jones' health care.

33.     Those employees were on the job performing job-related duties for CHF at the time they acted negligently.

34.     If any negligent CHF staff were not actual employees of the Indian Health Service at the time of the incident, they may have been contract employees whose contracts with the defendant provide that the defendant is liable under the Federal Tort Claims Act for their negligence.

35.     If any negligent CHF staff were not actual employees of the Indian Health Service at the time of the incident, and the preceding paragraphs 31 through 34 do not apply, they may have been contract employees from whom the defendant is vicariously liable under the Federal Tort Claims Act pursuant to doctrines of law such as agency and *respondeat superior*.

36.     Defendant had a duty to exercise reasonable care in the treatment and care of Emma P. Jones, and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

37. The involved staff breached the duty of reasonable care that was owed to Emma P. Jones and are guilty of the following negligent actions and omissions by failing to measure up to the applicable standards of care, skill, and practice required of members of their profession, to wit:

    a. failure to properly assess decedent;

    b. failure to properly supervise decedent;

    c. failure to follow physician orders;

    d. failure to properly document;

    e. failure to properly and adequately review decedent's medical records;

    f. failure to identify decedent as a high risk patient for aspiration;

    g. negligently providing decedent with a "sack lunch" when there was a physician order in place for puree food;

    h. negligently and carelessly failing to measure up to the requisite standards of care and skill recognized and observed in the field of medicine, nursing, and related fields, while performing care or engaged in caring for decedent, and in further particulars that at this time are not known to plaintiff as to the specific facts, but which are believed and hereby alleged will be disclosed during discovery in the course of the litigation.

38. The negligent actions and omissions of the CHF staff during the time period of April 2, 2015, caused injury to, and decedent's subsequent death, were actions and omissions for which the United States would be liable to plaintiff for negligence under the laws of the State of New Mexico, the place where the incident occurred, if the United States were a private individual at fault for the same negligence.

39. At all times material hereto, decedent was a patient of the Indian Health Service, an agency of the United States Department of Health & Human Services, and was in the care and custody of CHF and involved staff, completely dependent upon the government, the hospital, and the hospital staff for her medical care.

40. Defendant United States, acting through its employees, negligently failed to provide appropriate, reasonable, and required medical care and supervision to decedent which gives rise to a negligence cause of action against defendant, as laid out herein.

41. As a direct and approximate result of the negligence of defendant United States and its employees, and the staff at CHF, decedent died.

## **SPOLIATION OF EVIDENCE**

42. Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of the first count of negligence.

43. Plaintiff, Travis J. Platero, is duly authorized to request and obtain decedent's medical records through his counsel. Counsel for plaintiff requested, in writing, decedent's medical records on October 20, 2015. These records were never timely received despite two follow up phone calls with individuals that indicated that the records were "processed and on their way." Plaintiff himself went to the facility in person and requested these records. His request was denied and he was informed that the records were now transferred to the Risk Management Department. On December 7, 2015, plaintiff's counsel, by certified mail, sent Cecila Belone, the Quality Management Director, a formal demand that a complete, unaltered, and unedited set of medical records from January 1, 2010, through the present date [of the letter] be provided to counsel and instructed Ms. Belone that she must preserve these records in

their entirety to prevent spoliation of said records while plaintiff pursued a medical negligence claim.  (Exhibit 4).

44. During the week of January 18, 2016, plaintiff's counsel received a set of decedent's records.  The medical records were incomplete and appear to be altered.

## DAMAGES

45. Under the FTCA and the law of the place of the wrong, the State of New Mexico, plaintiff is entitled to compensatory damages for his losses, both special and general, including damages for the nature and duration of decedent's pain and suffering, funeral and burial expenses, loss of the value of life, decedent's past medical expenses, non-medical expenses incurred by plaintiff, loss of companionship, love and affection, and other losses of consortium.  Defendant United States is liable to plaintiff for his losses and hereby claims a right to recover all allowable damages recognized by New Mexico, whether specifically mentioned herein or not.

## CONCLUSION

**WHEREFORE,** plaintiff prays for the court to enter judgment for them, individually, and on behalf of the Estate of Emma P. Jones, and to order that he be compensated for all losses allowed or recognized by law, for an award of allowable costs, and for such other relief as recognized under the laws and rules that govern this case.

Respectfully submitted,

*/s/Scott E. Borg*
Barber & Borg, LLC
Attorneys for the Plaintiffs
P.O. Box 30745
Albuquerque, New Mexico  87190-0745
505-884-0004
scott@barberborg.com

8